## CONSTRUCTION OF THE MECHANICS' LIEN ACT.

Court. of Appeals for Hamilton County.

WILLIAM F. RICHARDS v. O. W. BENNETT, RECEIVER OF THE
ENTERPRISE LUMBER CO.*

Decided, June, 1914.

*Mechanic's Liens—Good Faith on the Part of an Owner in Making Pay-
ments After Notice—Not a Defense Against the Claim of a Ma-
terial-man.*

An owner who fails to retain in his hands a sufficient amount to
satisfy the claim of a material-man, who has given the proper no-
tice, becomes liable on such claim notwithstanding the payments
which he made after notice were made in good faith and em-
braced only actual pay rolls and bills for material necessary
to complete the building.

*Dolle, Taylor & O'Donnell*, for plaintiff in error.
*Hunt, Bennett & Utter*, contra.

JONES (E. H.), J.; SWING, J., concurs; JONES (Oliver B.),
J., dissents.

This was an action brought below by a material-man against an
owner, for money judgment, under Section 8324, *et seq.*, of the
General Code of Ohio.

The material-man in his petition claims that he furnished the
head contractor certain materials for a building then being con-
structed for the plaintiff in error, Mr. Richards; that he gave
the requisite notice in sufficient time, and that thereafter pay-
ments became due the head contractor from the owner, and that
the owner neglected to retain a sufficient amount to cover his
claim and thereby under the statute the owner became liable
for the payment of the claim.

The cause was tried below by the court without the interven-
tion of a jury. The court made separate findings of fact and
law, giving the material-man, plaintiff below, a judgment for the

*Affirmed by the Supreme Court without opinion, May 4, 1915.

full amount of his claim with interest. The finding of fact shows that after the notice was served upon the owner, Mr. Richards, in compliance with the provisions of the mechanic's lien law, he made payments to the head contractor upon estimates by the architect, as he had done before and as provided for in the contract. In so doing he failed to comply with the provision of Section 8325, which reads as follows:

"Upon receiving the notice required by the next preceding section, such owner, board or officer or public authority, or authorized clerk, agent or attorney thereof, shall detain in his hands all subsequent payments from the principal or sub-contractor to secure such claims and the claims and estimates of other sub-contractors, material-men, laborers, mechanics or persons furnishing materials to or performing labor for any contractor or sub-contractor who intervenes before the next subsequent payment under the contract, or within ten days thereafter."

While it may be true that the payments made in this case to the architect were made in good faith and only embraced the money necessary to meet the payroll and to pay for material necessary for the completion of the building, yet it constitutes an evasion or violation of the plain language of the section above quoted. To permit this to be done in any particular case would open the door for collusion and fraud and result in nullifying the inhibition of said section.

We think, therefore, that the judgment below is correct and should be affirmed.

JONES, O. B., J. (dissenting).

I dissent from the opinion of the majority of the court for the reason that in my opinion the record shows that all of the payments made by the owner after the service of notice of the lien upon him by the defendant in error were for labor and material that were necessarily used in the completion of the house, and no money whatever became due to or was paid the contractor for his own benefit or for his services after the notice of lien. The fact that the owner availed himself of the force of

carpenters then working upon the house in the employ of the contractor and that instead of paying them direct he permitted the money to be paid to them through the contractor does not, in my opinion, operate as a payment to the contractor. All of the money paid was to meet these pay rolls, the names of the men and the amount of their wages being detailed each week, outside of a few trifling amounts for hauling and materials that were necessary expenses of the work about which there was no question, and the fact that the architect made estimates in a form similar to his previous estimates to cover these expenses does not change the situation.

The owner was entitled to proceed with the completion of his house in a proper method, and whatever was necessary out of the balance of the contract price to effect this purpose it was proper for him to expend, without liability to the claimant under the sub-contractor's lien.

There is another objection to the claim of defendant in error. The affidavit for lien fails to set out promissory notes that were given covering this claim. Afterwards an order was given by the head contractor to plaintiff in error upon the owner for the payment of the amount due on this work, which the owner failed to accept. This order represented one of the notes which was paid by the credit obtained from the sale of a horse and wagon by the head contractor to the defendant in error, and this lien was in fact thereby satisfied.