**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2785

_____

UNITED STATES OF AMERICA

v.

VICTOR SANTIAGO-RIVERA,

Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. 3:17-cr-00006-001)
District Judge: Honorable Malachy E. Mannion

_____

Submitted Pursuant to LAR 34.1(a)
July 10, 2020

Before: MCKEE, BIBAS, and FUENTES, *Circuit Judges*

(Opinion filed:  April 26, 2021)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*

Victor Santiago-Rivera appeals his conviction for violating 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), arguing that the district court improperly allowed the Government to use convictions that were more than ten years old to impeach his testimony. For the reasons that follow, we will affirm.

**I.**

We review the district court's evidentiary rulings for an abuse of discretion.[1] An abuse of discretion occurs when "no reasonable person would adopt the district court's view."[2] The district court denied Santiago-Rivera's motion *in limine* to preclude the admission of his prior criminal record based upon Santiago-Rivera's representation that he would limit any entrapment defense to the firearms charge. However, the district court reasonably concluded that defense counsel's cross-examination of the Government's informant suggested that the robbery charges were also the result of entrapment.[3] In addition, on direct examination, defense counsel questioned Santiago-Rivera about his convictions that were older than ten years in a manner that suggested that he lacked a predisposition to commit the attempted robbery.[4] Thus, defense

---

[1] *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010).
[2] *Id.* (quoting *United States v. Starnes*, 583 F.3d 196, 214 (3d Cir. 2009)).
[3] App. 240 ("Why is it that you are trying to get Mr. Santiago-Rivera to commit to the robbery on January 6th?").
[4] The elicited testimony is as follows:
    Q[:] As time went on and you were getting closer and closer to this date of January 6th, were you intending on going through with the robbery?
    A[:] No, I wasn't, because that's not me, like that's not me.
App. 381.

counsel's questions "opened up the door" to cross-examination regarding Santiago-Rivera's prior convictions.[5]

Santiago-Rivera also asserts that the admission of stale convictions deprived him of a fair trial. He argues that allowing the jury to learn of those convictions penalized him for strategic choices even though he understood that the Government would not attempt to introduce those convictions if he did not assert an entrapment defense to the robbery charge.

We have long recognized the doctrine of curative admissibility: "once a party has introduced inadmissible evidence that may create a false impression, an opposing party may thereafter introduce otherwise inadmissible evidence to rebut or explain the prior evidence."[6] Here, defense counsel attempted to walk a fine line by asking questions about prior convictions in a manner that suggested that Santiago-Rivera would not have committed the robbery he was charged with. This choice may well have been a reasonable strategy, but it opened the door to cross-examination about those convictions. The court did not abuse its discretion in concluding that it was proper for the Government to walk through once the door was opened.

Finally, Santiago-Rivera renews the argument presented in his motion *in limine* that his stale convictions were inadmissible pursuant to Federal Rules of Evidence 404(b) and 609(b). The district court never ruled on that argument because the Government represented that it would not attempt to admit the evidence if Santiago-Rivera did not

---

[5] App. 263.
[6] *United States v. Davis*, 183 F.3d 231, 256 (3d Cir. 1999).

3

present an entrapment defense to the robbery charge he was facing. Defense counsel did not renew this objection when the court subsequently allowed the inquiry based upon defense counsel's questioning of the informant and Santiago-Rivera. Accordingly, we review only for plain error.[7]

As explained above, Santiago-Rivera's predisposition to commit the robbery was called into question by defense counsel's inquiries. Rule 404(b) allows evidence of prior crimes to be admitted for a purpose other than proving character. Such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[8]

Rule 609(b) prohibits the use of a witness's prior convictions for impeachment purposes, if more than ten years have passed, unless "(1) its probative value . . . substantially outweighs its prejudicial effect" and "(2) the proponent gives an adverse party reasonable written notice of the intent to use it . . . ."[9]

Given defense counsel's line of questioning, Santiago-Rivera's prior convictions for theft and burglary were admissible under Rule 404(b) to show predisposition.[10] Moreover, since the Government clearly put Santiago-Rivera on notice of its intent to admit the stale crimes if he raised a defense of entrapment to the robbery charge, they were not barred by Rule 609.

---

[7] *United States v. Jones*, 566 F.3d 353, 362 (3d Cir. 2009).
[8] Fed. R. Evid. 404(b)(2).
[9] Fed. R. Evid. 609(b).
[10] *United States v. Ward*, 793 F.2d 551, 555 (3d Cir. 1986).

We therefore decline to find plain error and affirm his conviction under 18 U.S.C. § 922(g).

## II.

For the foregoing reasons, we will affirm the district court's ruling to admit Santiago-Rivera's prior felony convictions that occurred over ten years ago.